# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROBERT MORROW,

        Plaintiff,

v.

GARY COLOMBO, *et al.*,

        Defendants.

2:04-cv-01269-BES-LRL

**ORDER**

    Before the court is plaintiff's Motion to Compel and Motion for Sanctions (#63), defendant Michael Jenkins and Arquest, Inc.'s Opposition (#74), and plaintiff's Reply (#77). Plaintiff seeks an order compelling Michael Jenkins to answer questions posed to him regarding Rolain Levy. During his January 18, 2006 deposition, Jenkins declined to answer certain questions regarding Levy. The basis of his refusal was a nondisclosure agreement into which he and Levy had purportedly entered (*see* Mot. (#63) Ex. 5). Jenkins does not oppose the substance of the Motion to Compel. He now agrees to answer questions relating to Levy. He does, however, oppose the Motion for Sanctions based on procedural issues. Although Jenkins now acquiesces, plaintiff maintains that a court order is needed because "there is no guarantee that Jenkins will honor his offer to answer questions if Plaintiff withdraws the Motion to Compel." (Reply (#77) at 2).

    Preliminarily, Jenkins indicates that it is not clear that the Motion for Sanctions is pending before the court. The Motion (#63) was filed on April 5, 2006. On April 6, 2006, CM/ECF Quality Control issued a notice of docket correction and advised plaintiff's counsel to re-file the Motion for Sanctions as a separate document (*see* docket entry, April 6, 2006). Plaintiff's counsel failed to do so. As a general matter, advice from Quality Control should not be ignored. If a filing does not comply

with Special Order 109, the document may not be docketed, in which case it would not be a matter pending before the court. The prudent action would have been to contact the CM/ECF help desk and have the matter clarified, rather than just ignore the entry. In this instance, the Motion for Sanctions is part and parcel of the Motion to Compel and is more appropriately filed as one docket. Therefore, the court will address the matter.

Second, Jenkins claims that plaintiff did not try to resolve the dispute informally prior to filing the Motion. Rule 37(a)(2)(B) provides that a discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Local Rule 26-7(b) strengthens the requirement by providing that discovery motions will not be considered unless such a certification is attached. Jenkins argues that if plaintiff's counsel followed the Rules, the need for the instant Motion (# 63) would have been obviated.

Plaintiff's counsel contends that the Declaration attached to his Motion as Exhibit 6 meets the requirement. Moreover, it was not necessary to confer with Jenkins's counsel after the deposition because Jenkins firmly declined to answer the questions about Levy even though he was informed that a motion to compel would be filed and that he may be subject to sanctions. After negotiations took place between counsel at the deposition, Jenkins said, "Let's go to court with it." (Mot. (#63) Ex. 5 at 3).

Given the confusion over whether discussions would occur after the deposition, the court does not find that sanctions are warranted in this case. The court notes, however, that further communication between the parties may have resolved this matter. Although Jenkins has now agreed to answer questions regarding Levy, the court will issue an order as requested by plaintiff.

Accordingly and for good cause shown,

. . .

. . .

. . .

1  IT IS ORDERED that plaintiff's Motion to Compel and Motion for Sanctions (#63) is
2  GRANTED to the extent that Michael Jenkins shall answer the questions put to him concerning Rolain
3  Levy.  Objections made by counsel shall strictly comply with the requirements of Fed. R. Civ. P.
4  30(d)(1).
5  IT IS FURTHER ORDERED that in all other respects the motion (#63) is denied.
6  DATED this 25th day of September, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**