UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ROBERT MORROW,

    Plaintiff,

vs.                                Case No. 2-04-cv-01269-CRW-LRL

GARY COLOMBO, MICHAEL
JENKINS, DANIEL ELLIS, WALTER      ORDER DENYING
CASTILLO MARTINEZ, RAMON C.       SUMMARY JUDGMENT
SANTANA, all individual, FRETUS
FIDUCIA, LLC., ZAG, LLC,
ARQUEST INC., DOES 1-30, and
ROES 1-30,

    Defendants.

        In this case defendants Michael Jenkins and Arquest, Inc. filed a motion for summary judgment on October 29, contending the plaintiff Robert Morrow lacks standing to pursue his lawsuit claims. Morrow has vigorously resisted the motion. The court gave defendants permission to file even though the deadline for dispositive motions had long ago expired. On November 15, 2010, the court received oral argument of counsel by telephone conference call.

        The court now denies the motion for summary judgment and directs counsel to be ready for the jury trial, with jury selection scheduled to begin at 9:00 a.m. on December 8 in Las Vegas. The court will probably deny any requests to adjourn the trial to a later date; this case filed in 2004 should now be fully ready for trial on December 8.

        Summary judgment is appropriate only when a party has demonstrated that it is entitled to judgment as a matter of law, with no genuine issues of material fact remaining for trial. Fed. R. Civ. P. 56. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986); Matsushita Electric Industrial Co. v. Zenith

Radio Corp., 475 U.S. 574, 587-88 (1986).  Once the movant has demonstrated that no genuine factual dispute stands in the way of a judgment entry, the burden shifts to the resisting party to present affirmative evidence, specific facts, showing a genuine dispute on that issue, precluding judgment.  City of Mount Pleasant v. Associated Electrical Cooperative, 838 F.2d 268, 273-74 (8th Cir. 1988) (citing Celotex and Anderson).  If the respondent fails to carry its burden, summary judgment should be granted.

       The court considers the evidence in the summary judgment record in the light most favorable to Morrow.  See T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

       Defendants contend they only recently learned that a Swiss intermediary trust, not Robert Morrow, provided the fund of moneys that Morrow claims were stolen from him.  But defendants have not provided adequate proof of their newly-asserted standing defense.  To the contrary, the evidence in this rather minimal record supports Morrow's claim that Morrow provided the allegedly stolen moneys pursuant to a "Private Placement Memorandum" executed by Morrow and Jenkins.

       By December 1, 2010, counsel shall provide the court proposed jury instructions, proposed verdict forms, and briefs on any disputed legal and evidentiary issues they expect to arise at trial, including the question whether facts concerning standing should be decided by the jury or the judge.  Even if the factual disputes on standing should be decided by the court, the issues are genuine and not ripe for final decision on this summary judgment record.

       The motion for summary judgment is denied.

       IT IS SO ORDERED.

       Dated this 18th day of November, 2010.

*Charles R Wolle*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT